Rev. Michael WILLIAMS, Plaintiff,

v.

Ronnie TRIMBLE, et al., Defendants.

No. 79 Civ. 5911(MEL).

United States District Court,
S. D. New York.

Dec. 3, 1981.

Reverend Michael Williams, pro se.

Harry Grossman, New York City, for defendant Ronnie Trimble.

Howard & Holland, New York City, for defendant Stuart Spiegler; Malcolm W. Jenkins, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendant Michael Miller; Carl R. Baldwin, Asst. Corp. Counsel, New York City, of counsel.

LASKER, District Judge.

In this action brought pursuant to 42 U.S.C. § 1983, the plaintiff, Reverend Michael Williams ("Williams"), a former probationary Comprehensive Employment and Training Act ("CETA") employee, contends that he was discharged from his position, by the defendants, Ronnie Trimble ("Trimble") and Stuart Spiegler ("Spiegler"), his supervisors, solely for expressing his personal opinion concerning his job. This plaintiff contends was done in the defendants' official capacity and thus under color of State law, and deprived him of his First Amendment right of free speech. Williams' claim against the third defendant Michael Miller ("Miller"), is that although Miller in his position as Director of Legal Services for CETA, reinstated plaintiff, pursuant to a finding that discharge for attitude was not justified, he denied plaintiff's claim for backpay, and in doing so intentionally failed to rule on plaintiff's First Amendment claims. This Williams alleges was part of a conspiracy to "cover-up" the alleged unconstitutional action taken by defendants Trimble and Spiegler, which further denied Williams his freedom of speech.

Spiegler and Williams move to dismiss the plaintiff's amended complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.Pr. 12(b)(6). Miller also moves to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.Pr. 12(b)(1).

Section 1983 affords a remedy for the deprivation of rights secured by the Constitution and laws. See, *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

■ Miller contends that the statements which provided the basis for Williams' dismissal—his articulated dislike of drug addicts and of working for a woman—are not subject to protection under the First Amendment, citing *Lefcourt v. Legal Aid Society*, 312 F.Supp. 1105 (S.D.N.Y.1970), aff'd, 445 F.2d 1150 (2d Cir. 1971).

Miller's reliance on *Lefcourt* is misplaced. *Lefcourt* stands for the proposition that otherwise protected speech can be limited to some extent by the State, if there is a sufficiently important interest at stake, such as reducing "internal friction inimical to the welfare of the organization." *Id.* at 1113.

It is relevant that the statements made by Williams were neither shown nor can be presumed to have impeded the proper performance of his daily duties or to have interfered with the regular operation of Daytop Village generally. *Pickering v. Board of Education*, 391 U.S. 563, 572–73, 88 S.Ct. 1731, 1736–37, 20 L.Ed.2d 811 (teacher's dismissal for criticism of school board held to violate First Amendment).

In fact, the reason given by Miller for reinstating Williams was that there was *no proof* that Williams' statements had produced such effects. This is not to say that the defendants may not be able to establish the kind of disrupting effects mentioned in *Pickering* or *Lefcourt*, but only that the proper forum for such efforts is at trial.

■ Miller also argues that Williams has not exhausted his administrative remedies. *See, e.g., Marrone v. Immigration and Naturalization Service*, 500 F.2d 418 (2d Cir. 1974).

However, where the protection of First Amendment rights is involved the policy

favoring the protection of those rights must prevail. *Wolff v. Selective Service Local Board No. 16*, 372 F.2d 817, 825 (2d Cir. 1967), and in general courts have been reluctant to require the exhaustion of administrative remedies in such cases. *Id.* n. 4.

 Miller also contends that he is cloaked by either an absolute immunity because he is an official performing adjudicatory functions, or by a qualified immunity given to State or Federal officials who are charged with violations of constitutional rights. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). As to absolute immunity, the adjudicatory official referred to in *Butz* was the "hearing examiner" or "administrative law judge" whose role is "functionally comparable to that of a judge." *Id.* at 513, 98 S.Ct. at 2914. This official can, "issue subpoenas, rule on proffers of evidence, regulate the course of the *hearings*, and make or recommend decisions." *Id.* (Emphasis added) When conducting a hearing under § 5 of the Administrative Procedure Act, 5 U.S.C. § 554, a hearing examiner is not responsible to, or subject to the supervision or direction of employees or agents working for the agency. *Butz* at 514, 98 S.Ct. at 2914–15. Nor may a hearing examiner consult any person or party, including other agency officials, concerning a fact at issue in the hearing, unless on notice and with an opportunity for all parties to participate. *Id.* Furthermore, this official works in a judicial setting; "the proceedings are adversary in nature. . . . They are conducted before a trier of fact insulated from political influence . . . , and the parties are entitled to know the findings and conclusions on *all* of the issues of fact, law, or discretion presented in the record." *Id.* at 513, 98 S.Ct. at 2914. (Emphasis added) It is clear that the defendant Miller was not in the class of officials intended to be covered by an absolute immunity. That Miller was strongly influenced by a third party, Prideaux, to reinstate Williams indicates that Miller wasn't "insulated from political influence." Also, that Miller felt no need to make a "finding or conclusion" as to Williams' constitutional contentions, also indicates that Miller was not acting in the formal judicial context alluded to in *Butz*.

 As to qualified immunity, the requirement of good faith is the touchstone of that immunity as recognized in *Butz*. *Butz* at 484, 98 S.Ct. at 2899. *See, also, Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed. 214 (1974). Since Williams has alleged conspiratorial behavior on the part of Miller and thus that Miller was not acting in good faith in discharging his duties, and since we must on a motion to dismiss, take Williams' allegations to be true, the question as to whether such good faith did exist is one which cannot be disposed of by a motion addressed to the pleadings.

Defendants Spiegler and Millers' motion to dismiss, pursuant to Fed.R.Civ.Pr. 12(b)(6) is denied. Defendant Miller's motion to dismiss pursuant to Fed.R.Civ.Pr. 12(b)(1) is denied.

It is so ordered.